Gary L. MAXWELL, Appellant,

v.

Laurie A. MAXWELL, Appellee.

No. S–10084.

Supreme Court of Alaska.

Dec. 21, 2001.

Gary L. Maxwell, pro se, Anchorage.

No appearance for Laurie A. Maxwell.

Before: FABE, Chief Justice,
MATTHEWS, EASTAUGH, BRYNER, and
CARPENETI, Justices.

*OPINION*

CARPENETI, Justice.

## I.  INTRODUCTION

Gary Maxwell moved to modify custody of
the parties' two children after Laurie Max-
well, claiming to be unable to deal with their
daughter, twice within three months sent the

child on short notice from her home in Ketchikan to Gary in Anchorage. Because Gary failed to allege facts sufficient to establish a material change in circumstances, the decision of the superior court denying Gary's motion to modify custody is affirmed.

## II. FACTS AND PROCEEDINGS

The marriage of Gary and Laurie Maxwell resulted in the birth of two children: Brittany, born in 1984, and Brandon, born in 1987. The parties divorced in 1989. Laurie has had primary physical custody of the children since that time. Laurie and the children live in Ketchikan. Gary lives in Anchorage.

According to Gary, the current dispute began in November 2000 when Laurie sent Brittany on short notice to Anchorage to be with her father. Brittany returned to Ketchikan three days later. Brittany was again sent on short notice to Anchorage in January 2001. Brittany returned shortly thereafter to Ketchikan. In both cases, Gary claims that Laurie called him, said the children were out of control and that he had to take both of them, but then only sent their daughter.

In January 2001, Gary filed a motion to modify custody and a motion for expedited consideration. He claimed that the children were in an abusive environment in Ketchikan, including in his motion numerous hearsay statements about the situation. Laurie opposed the motion and requested that the court assign an investigator to interview the children in order to ascertain where they would prefer to reside. Because the children were sixteen and thirteen, Laurie felt that they should be allowed to state their preferences as to where they wanted to live. In his reply brief, Gary asked that the court order a psychological evaluation of Laurie based on her recent behavior.

Superior Court Judge Mark Rindner denied expedited consideration and appointed a custody investigator for the sole purpose of

interviewing the children. The court further ordered that Brandon remain with Laurie in Ketchikan and that Brittany either stay in Anchorage or return home during the pendency of the proceedings, at her choice, provided that she was enrolled in school.

The custody investigator interviewed the children on February 3, 2001. Both children expressed the unqualified desire to remain in their mother's home in Ketchikan. Based on the custody investigator's report, the superior court denied Gary's motion to modify custody, concluding that further hearings were not necessary because both children preferred the current custodial relationship and there was no evidence that the environment they were in was not a stable, satisfactory one.

Gary appeals to this court.

## III. STANDARD OF REVIEW

The superior court may deny a hearing on a motion to modify custody "if it considers [the] motion and finds it plain that the facts alleged in the moving papers, even if established, would not warrant a change in custody."[1] Accordingly, we "review *de novo* a court's decision to deny a hearing on a motion to modify custody."[2]

## IV. DISCUSSION

### A. The Superior Court Did Not Err in Foregoing a Best Interests Hearing on Gary's Motion to Modify Custody.

Gary argues that the trial court erred when it failed to hold a hearing on his motion to modify custody. We disagree.

A motion to modify custody will be granted only when two conditions are satisfied. The non-custodial parent must first establish that a change in circumstances has occurred. The court must then conclude that modification is in the best interests of the child.[3] The superior court may deny a custo-

**1.** *C.R.B. v. C.C.*, 959 P.2d 375, 378 (Alaska 1998) (internal punctuation omitted).

**2.** *Schuyler v. Briner*, 13 P.3d 738, 741 (Alaska 2000).

**3.** AS 25.20.110(a) ("An award of custody of a child or visitation with the child may be modified if the court determines that a change in circumstances requires the modification of the award and the modification is in the best interests of the

dy modification without an evidentiary hearing if the " 'facts alleged, even if proved, cannot warrant modification, or if the allegations are so general or conclusory, and so convincingly refuted by competent evidence, as to create no genuine issue of material fact requiring a hearing.' " [4] The moving parent bears the burden of making a prima facie showing of a substantial change of circumstance as a threshold matter.[5] Once the movant meets that threshold burden, he or she is entitled "to a hearing to consider whether, in light of such changed circumstances, it is in the child's best interest to alter the existing custodial arrangement." [6]

In this case, Gary was not entitled to a hearing because he failed to satisfy his burden of showing changed circumstances. Gary argues that Laurie's conduct in sending Brittany to him on two occasions, together with his allegations of an abusive environment, were sufficient to support a hearing on his motion to modify. But a trial court is not required to grant a hearing in order to perform a best interests analysis if the allegations of changed circumstances are convincingly refuted by competent evidence.[7]

The facts alleged in this case do not warrant modification. Gary's motion was based on the two occasions Laurie sent Brittany to Anchorage and his factually unsupported speculation that the environment Laurie was providing the children was abusive. The custody investigator [8] interviewed the children separately and found that their desire to remain in Ketchikan with their mother was sincere. The custody investigator also reported that the children had satisfac-

tory relationships with both parents, although a closer relationship existed between mother and children. Neither child reported abuse or out-of-control behavior by their mother. The superior court had sufficient evidence before it to conclude that the facts alleged did not show the existence of changed circumstances sufficient to warrant modification. Therefore, the superior court did not err when it denied the motion to modify custody without holding a hearing.

## B. The Superior Court Was Not Required To Make a Best Interests Determination.

Gary argues that the superior court's conclusion that it was in the best interests of the children to remain with their mother was clear error or an abuse of discretion. However, because Gary did not allege facts sufficient to make the threshold showing to warrant a modification of custody, we do not reach this issue.

## V. CONCLUSION

Gary failed to meet his threshold burden of showing changed circumstances. Thus, the superior court was not required to hold a hearing before it denied Gary's motion to modify custody. Accordingly, we AFFIRM the trial court's denial of the motion to modify custody.

child."); *see also Nichols v. Mandelin,* 790 P.2d 1367, 1372 (Alaska 1990).

4.  *Harrington v. Jordan,* 984 P.2d 1, 3 (Alaska 1999) (quoting *Morino v. Swayman,* 970 P.2d 426, 428 (Alaska 1999)). *See also C.R.B.,* 959 P.2d at 378 (holding that motion to modify custody may be denied without hearing when facts alleged in moving papers, even if established, would not warrant a change).

5.  *Harrington,* 984 P.2d at 3; *Long v. Long,* 816 P.2d 145, 149 (Alaska 1991) (citing *Lee v. Cox,* 790 P.2d 1359, 1361 (1990)).

6.  *Lee,* 790 P.2d at 1361.

7.  *Harrington,* 984 P.2d at 3; *see also Carter v. Brodrick,* 816 P.2d 202, 204 (Alaska 1991) (explaining that court has discretion to deny hearing where there is no showing of changed circumstances or of alteration in best interests of child); *C.R.B.,* 959 P.2d at 378–79 (holding that court can deny motion to modify custody without hearing based solely on pleadings or after considering other material papers).

8.  The decision to appoint a custody investigator is discretionary. *See Pearson v. Pearson,* 5 P.3d 239, 242 (Alaska 2000) (holding that trial judge has discretion whether or not to appoint custody investigator).