Tammy S. BARILE n/k/a Tammy S. Wells, Appellant,

v.

Primo J. BARILE, Appellee.

No. S–12709.

Supreme Court of Alaska.

March 28, 2008.

---

**2.**  841 P.2d 1042, 1045 (Alaska 1992).

**3.**  *Id.*

John C. Pharr, Law Offices of John C. Pharr, Anchorage, for Appellant.

Primo Barile, pro se, Palmer.

Before: FABE, Chief Justice, EASTAUGH, CARPENETI, and WINFREE, Justices.

*OPINION*

EASTAUGH, Justice.

## I. INTRODUCTION

Some three years after entry of a child custody order for Tammy Wells and Primo Barile's son, Tammy filed a motion to modify the child custody order, alleging changed circumstances and requesting an evidentiary hearing. The superior court denied the motion without addressing some of the most significant alleged changed circumstances and without holding an evidentiary hearing. Because Tammy's motion made out a prima facie showing of changed circumstances, it was error to deny her motion without conducting an evidentiary hearing. We therefore vacate the denial order and remand.

## II. FACTS AND PROCEEDINGS

Tammy Wells and Primo Barile are the parents of Chance Barile, born in March 1997. Tammy and Primo married in December 1995 and divorced in September 2003.

In November 2003 the superior court held a two-day trial. Tammy and Primo both attended.

Following the hearing, the court found that "[w]hile Tammy has provided fairly well for her children, . . . Primo is probably better able to meet Chance's social needs"; that "Primo is somewhat better able to meet Chance's educational needs"; that "[t]here is evidence of domestic violence between the parties"; and that the "Custody Investigator's recommendation indicates more concerns with Tammy's household than with [Primo's] household with respect to child neglect and abuse."

In January 2004 the court awarded shared physical custody, giving Primo custody fifty-four percent of the time and Tammy custody forty-six percent of the time. The court also awarded Primo "sole legal custody for purposes of Chance's enrollment at school and where Chance will live within the Palmer–Wasilla area." The court did not award child support.

In February 2007 Tammy filed a motion to modify custody and a request for an evidentiary hearing. Her motion sought sole legal and primary physical custody. She alleged the following changed circumstances warranted a custody modification: (1) her remarriage to Lance Wells; (2) Primo's remarriage to Tasa Barile; (3) both parties' new stepfamilies; (4) facts implying domestic violence; (5) facts implying abuse and neglect of Chance; (6) Chance's deteriorating grades; (7) Chance's suspension from school for "terroristic threatening"; (8) Primo's driving Chance without a license or insurance; (9) her move to Anchorage from the Mat–Su Valley; (10) Chance's preference to live with her; and (11) a voluntary change to the visitation schedule.

Primo opposed the motion and requested that he be awarded "full legal and physical custody with [Tammy] having [custody] every other weekend." Primo's response denied Tammy's allegations of changed circumstances, asserted that Tammy is a "convicted felon," and alleged that Chance's new stepfather has a "history of domestic violence."

In February 2007 Tammy also filed a motion to prohibit Primo from transporting Chance. Her supporting affidavit alleged that Primo drove Chance without insurance or a valid driver's license.[1] Primo's response denied that he knowingly drove Chance while he was uninsured and asserted that he stopped driving when he discovered that he "had issues with [his] license."

On May 8, 2007, without conducting an evidentiary hearing, the superior court denied Tammy's motion to modify custody without prejudice. The court also denied Tammy's motion to prohibit Primo from transporting Chance.[2]

Tammy appeals.

## III. DISCUSSION

### A. Standard of Review

■ Whether a moving party has made out a prima facie showing sufficient to justify a custody modification hearing is a matter of law that we review de novo.[3] We will affirm the denial of a custody modification motion without a hearing if, in our independent judgment, the facts alleged, even if proved, cannot warrant modification, or if the allegations are so general or conclusory, and so convincingly refuted by competent evidence, as to create no genuine issue of material fact requiring a hearing.[4] We review allegations of multiple changed circumstances in the aggregate to determine whether modification is warranted.[5]

### B. An Evidentiary Hearing Is Required Because Tammy's Allegations, if Proved, Would Warrant Modification.

■ The superior court denied Tammy's motion without a hearing because it found that "Tammy's allegations, even if entirely true, may not arise to the level of a substantial change in circumstances." Tammy argues that she "made a prima facie showing of a substantial change in circumstances affecting [Chance's] welfare" and that the superior court erred by denying her motion without conducting an evidentiary hearing.

The superior court explicitly addressed the following allegations when it denied Tammy's custody motion: an informal change to the visitation schedule, Tammy's remarriage, Primo's remarriage, Tammy's relocation to Anchorage, Chance's behavior and poor grades, new stepfamilies, Primo's neglect of Chance, Primo's driving of Chance without a license, and Chance's alleged preference for living with Tammy.

The superior court did not mention Tammy's allegations of child abuse or domestic violence. Tammy had asserted in an affidavit that Primo "smack[ed]" Chance with a rolled up newspaper "in the buttocks, back and neck"; that Primo had sent Chance to his room "many, many times"; and that Chance is frightened by the "pretty severe 'corporal punishment'" administered to Pri-

---

1. In September 2006 Primo drove a car involved in an accident. Because Primo did not have insurance at the time of the accident, his license was suspended.

2. Before the superior court denied Tammy's motion to modify custody, Tammy filed, among other things, several discovery motions. The order denying Tammy's custody motion also denied without prejudice Tammy's other outstanding motions, including her discovery motions. On appeal Tammy argues that denying her discovery motions denied her right to procedural due process. Because we remand for an evidentiary hearing, we do not need to address Tammy's procedural due process argument. The scope of discovery on remand is addressed to the discretion of the superior court.

   By not modifying Chance's custody, the superior court's May 8, 2007 order denied, at least implicitly, Primo's request for modification. Pri-

mo does not appeal the denial of his request for modification.

3. *Harrington v. Jordan*, 984 P.2d 1, 3 (Alaska 1999).

4. *Id.*

5. *Long v. Long*, 816 P.2d 145, 150, 152 (Alaska 1991) (noting that we review multiple changed circumstances to determine whether, in the aggregate, the changes are sufficient to warrant change of custody); *see* AS 25.20.110(a) ("An award of custody of a child ... may be modified if the court determines that a change in circumstances requires the modification of the award and the modification is in the best interests of the child."); *see also Lashbrook v. Lashbrook*, 957 P.2d 326, 328–29 (Alaska 1998) (noting that "[t]he ultimate focus of the custody modification statute is the best interests of the child[]").

mo's new stepson by Primo and Primo's new wife. Tammy's affidavit also alleged mistreatment of Primo's new stepson by both Primo and Primo's new wife. Thus, it alleged that Primo's new wife threw Primo's stepson "onto a bed so hard he bounced up and hit the wall and fell to the floor"; that Primo's new wife used a coat hanger to spank Primo's stepson; and that Primo spanks his stepson "nearly daily."

Because a finding of domestic violence would establish changed circumstances,[6] it was error to not address Tammy's allegations of abuse or domestic violence; an evidentiary hearing is required to provide Tammy an opportunity to prove her allegations.[7]

In addressing Tammy's allegation that Primo drove without a license, the superior court "remind[ed] both parties that driving without a license is a crime and ... a conviction for such a crime may negatively affect custody rights." But the allegation that Primo drove Chance without a license is also an allegation that Primo placed Chance's safety at risk; the allegation that he drove without insurance potentially raises a question whether Chance could receive adequate medical treatment in event of an accident. These allegations, if still potentially valid, should also be considered during a changed circumstances analysis on remand.

Furthermore, there must be an evidentiary hearing before Tammy's motion can be granted or denied because Tammy's allegations in the aggregate, if proved, potentially warrant modification.[8] Some of Tammy's individual allegations of changed circumstances would certainly not be compelling reasons to modify custody, but taken together, her allegations collectively require a factual hearing.[9]

## IV. CONCLUSION

Because Tammy's allegations, if proved, could warrant modification of Chance's custody, we VACATE the order denying modification and REMAND for an evidentiary hearing.[10] Some of the circumstances or conditions alleged in Tammy's February 2007 motion for modification may be transient. Even if they no longer exist, it will be within the discretion of the superior court to decide whether they remain relevant on remand.

MATTHEWS, Justice, not participating.

---

**6.** AS 25.20.110(c) ("In a proceeding involving the modification of an award for custody of a child ... a finding that a crime of domestic violence has occurred since the last custody ... determination is a finding of change of circumstances."); *see Lashbrook,* 957 P.2d at 329 (stating "finding of a crime involving domestic violence is a changed circumstance as a matter of law").

**7.** *Harrington,* 984 P.2d at 3; *see J.L.P. v. V.L.A.,* 30 P.3d 590, 595 (Alaska 2001).

**8.** *See Long,* 816 P.2d at 152.

**9.** *See id.* (stating custodial parent's decision to move within state, but hundreds of miles away from noncustodial parent, presents factor court should include in changed circumstances analysis); *see also Bunn v. House,* 934 P.2d 753, 758 (Alaska 1997) (stating that change in custodial or visitation patterns may constitute material change in circumstances).

**10.** The text of the May 8, 2007 order that denied Tammy's modification motion appears to increase Primo's custody of Chance by one percent, from fifty-four to fifty-five percent. Because the order uses the word "current" to describe the custody schedule, we assume that the order reflects either a clerical error or an unintentional mischaracterization, rather than a modification of custody.