NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

JACK T. ROBERSON III, )
                                )     Supreme Court No. S-15361
            Appellant, )
                                )     Superior Court No. 3AN-10-07826 CI
      v. )
                                  )     MEMORANDUM OPINION
RHONDA L. MORRISON, )       AND JUDGMENT*
                                  )
            Appellee. )     No. 1522 – November 12, 2014
                                  )

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Eric A. Aarseth, Judge.

Appearances: Jack T. Roberson III, pro se, Anchorage, Appellant. John C. Pharr, Law Offices of John C. Pharr, P.C., Anchorage, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

## I.    INTRODUCTION

Jack Roberson appeals from a superior court order denying his motions for a change in custody. He argues that the superior court should have focused on the best interests of his two children and his allegations of poor parenting by the children's mother, Rhonda Morrison. But a parent moving for a change in custody must first show that there has been a substantial change in circumstances before the court will hold a

---

\*    Entered under Appellate Rule 214.

hearing to modify the custody award. In this case, the superior court reasonably considered Jack's failure to comply with the original custody order, and the court correctly concluded that Jack had not shown a substantial change in circumstances.

## II. FACTS AND PROCEEDINGS

The parties, Jack Roberson and Rhonda Morrison, are parents to two minor children. Following a custody trial, the superior court granted sole legal custody and primary physical custody to Rhonda, with weekend and holiday visitation for Jack. The court's custody order also required Jack to complete three months of individual counseling, undergo a psychiatric assessment, follow the recommendations of that assessment, and complete a 36-week domestic violence intervention program. Jack appealed that custody order, and in April 2014 this court issued a memorandum opinion affirming the superior court's decision in all respects.[1]

While his appeal of the original custody order was pending, Jack filed motions that the superior court treated as a motion for a change in custody. In these motions, Jack made various allegations regarding his children's well-being. For instance, he asserted that Rhonda had ignored his text messages regarding testing one child for attention deficit disorders, that these conditions impacted that child's academic performance, and that he was "bringing [that child's] depression to [the court's] attention."

In response to these motions, the superior court issued an order that first noted the "sparse" documentation supporting Jack's request. Laudably, however, the superior court also recognized the imperative to "ensure that a pro se litigant understands what is expected of him." To this end, the court scheduled a one-hour hearing to allow

---

[1] *Roberson v. Morrison*, Mem. Op. & J. No. 1494, 2014 WL 1516203 (Alaska Apr. 16, 2014).

Jack to make an offer of proof about whether there had been a change in circumstances sufficient to warrant an evidentiary hearing on custody modification.

At the outset of the hearing, the superior court noted that the custody order under consideration required Jack to complete three months of individual counseling, undergo a psychiatric assessment, follow the recommendations of that assessment, and complete a 36-week domestic violence intervention program. Jack admitted he had not completed any of those requirements. The superior court then asked Jack why the court should grant a custody modification despite his failure to comply with the original order. The court reminded Jack that a change in custody requires a material change in circumstances and asked multiple times if Jack had concrete evidence.

After the hearing, the court issued an order denying Jack's motions to modify the custody order. The court concluded that Jack had shown neither good cause to waive the requirements of the custody order nor a material change in circumstances that would warrant an evidentiary hearing on custody modification.

## III.   STANDARD OF REVIEW

"The parent moving for [custody] modification has the burden of proving a substantial change in circumstances as a threshold matter."[2] Whether a movant met his burden of "demonstrating a change in circumstance so as to be entitled to an evidentiary hearing is a matter of law which this court reviews de novo."[3]

---

[2]    *Bagby v. Bagby*, 250 P.3d 1127, 1128 (Alaska 2011) (internal quotation marks omitted).

[3]    *King v. Carey*, 143 P.3d 972, 973 (Alaska 2006).

## IV.   DISCUSSION

### A.   The Superior Court Followed Appropriate Procedure In Considering Jack's Request For A Custody Modification.

Several of Jack's arguments on appeal focus on the procedure that the superior court followed.  In particular, Jack argues that the superior court violated his right to due process.  Procedural due process requires "notice and opportunity for hearing appropriate to the nature of the case."[4]  In the child custody context, we have specifically held that a party is entitled to fair notice of the purpose of any contested hearing.[5]  The order for the superior court's hearing clearly states that "[t]he purpose of the hearing will be to hear an offer of proof by Mr. Roberson and then hear argument from both parties on whether or not that proposed evidence alleges a material change in circumstances sufficient to warrant an evidentiary hearing."  Thus Jack had sufficient notice of the hearing's purpose, as well as what was required of him to advance his case for custody modification.

Jack argues, however, that during the hearing the superior court interrupted his case citations and insisted on inquiring about the evidence he had to present.  But the record shows that the court made appropriate inquiries to focus Jack's presentation on the pertinent issues:  Jack's compliance with the previous custody order and his offer of proof concerning a material change in circumstances.  These inquiries did not interfere with Jack's right to a hearing.[6]  Jack similarly argues that he did not have adequate time to present "all of [his] evidence."  But the hearing's purpose was not to provide for an

---

[4]  *Lashbrook v. Lashbrook*, 957 P.2d 326, 328 (Alaska 1998) (quoting *Wright v. Black*, 856 P.2d 477, 480 (Alaska 1993)) (internal quotation marks omitted).

[5]  *Debra P. v. Laurence S.*, 309 P.3d 1258, 1261 (Alaska 2013).

[6]  Jack also states in his brief that the superior court judge was biased, but he presents no support for this claim.

exhaustive presentation of the evidence, but rather to determine whether Jack had sufficient proof to even warrant an evidentiary hearing. The one-hour hearing provided Jack with ample time to meet this threshold burden.

Jack also argues that the superior court violated the Alaska Rules of Civil Procedure and his right to due process by delaying a final decision on his requests. But there was no particular delay in the decision in this case. The superior court made oral findings at the conclusion of the hearing and followed up two weeks later with a written order that is the subject of this appeal. Jack has not shown any prejudice from the timing of the superior court's order.

**B.      The Superior Court Did Not Err In Considering Jack's Failure To Comply With The Requirements Of The Custody Order.**

Jack argues that the superior court erred by considering his failure to comply with the terms of the custody order. But Jack's compliance was relevant to the issue of whether there had been a material change in circumstances sufficient to justify a change in custody. After the original custody trial, the superior court concluded that Jack would be unable to successfully co-parent with Rhonda. Accordingly, the custody order required Jack to complete three months of individual counseling, undergo a psychiatric assessment, follow the recommendations of that assessment, and complete a 36-week domestic violence intervention program. These requirements remain in effect, and the superior court did not err in considering Jack's noncompliance.

**C.** **The Superior Court Did Not Err In Finding No Material Change In Circumstances Warranting An Evidentiary Hearing On Custody Modification.**

Jack also argues that the superior court erred by failing to make an award of custody in the best interests of the children.[7] While a court issuing a custody order must "determine custody in accordance with the best interests of the child[ren],"[8] modification of custody requires a party to first show that a substantial change in circumstances has occurred.[9] Jack was therefore required to show a substantial change in circumstances before he could become entitled to an evidentiary hearing on his motion to change custody.[10]

Whether there has been a change in circumstances is a legal question that we review de novo.[11] Here the record supports the superior court's decision. As a threshold matter, Jack failed to show good cause for his noncompliance with the custody order, which outlined a course of action for improving Jack's chances of successfully co-parenting with the children's mother. The superior court also offered Jack the opportunity to present evidence of changed circumstances, notwithstanding his noncompliance with the original custody order. Yet Jack showed only generalized disagreement with Rhonda's parenting, rather than factual evidence of changed

---

[7] Jack similarly contends that his children's "due process rights" were violated, but this claim is not supported by any facts or allegations independent from Jack's argument that the superior court ignored his children's best interests.

[8] AS 25.24.150(c); *see also* AS 25.20.110(a).

[9] *Bagby v. Bagby*, 250 P.3d 1127, 1129 (Alaska 2011).

[10] *See id.*

[11] *See Frackman v. Enzor*, 327 P.3d 878, 882 (Alaska 2014).

circumstances.[12] We agree with the superior court that Jack did not make a prima facie showing of a material change in circumstances sufficient to justify an evidentiary hearing on his motions to change custody.[13]

## V.    CONCLUSION

Based on the foregoing, the judgment of the superior court is AFFIRMED.

---

[12]    *Cf. Barile v. Barile*, 179 P.3d 944, 946 (Alaska 2008) ("We will affirm the denial of a custody modification motion without a hearing if, in our independent judgment, the facts alleged, even if proved, cannot warrant modification, or if the allegations are so general or conclusory, and so convincingly refuted by competent evidence, as to create no genuine issue of material fact requiring a hearing." (citation omitted)).

[13]    Jack further contends that the superior court lacked subject matter jurisdiction. But it is clear the superior court had jurisdiction over Jack's motion for a change in custody. *See* AS 22.10.020 ("The superior court is the trial court of general jurisdiction, with original jurisdiction in all civil and criminal matters . . . ."). At oral argument Jack also appeared to contest this court's jurisdiction to hear this appeal, but he had previously conceded in his opening brief that this court has jurisdiction.