NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| DANIEL H., | ) | |
| | ) | Supreme Court No. S-17528 |
| Appellant, | ) | |
| | ) | Superior Court No. 4FA-16-02431 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| AMBER G., | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 1773 – June 10, 2020 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Michael P. McConahy, Judge.

Appearances: Heather M. Brown, Franich Law Office, LLC, Fairbanks, for Appellant. No appearance by Appellee Amber G.

Before: Bolger, Chief Justice, Winfree, Stowers, Maassen, and Carney, Justices.

## I.    INTRODUCTION

A father appeals the superior court's denial of his motion to modify custody and visitation without an evidentiary hearing. The father alleged that the mother had committed the domestic violence crime of custodial interference on multiple occasions. But the court declined to grant a hearing on the father's motion, finding as a matter of law there had been no substantial change in circumstances. We conclude the father

---

\*      Entered under Alaska Appellate Rule 214.

adequately alleged that the mother had committed at least two new incidents of domestic violence since the previous custody order and that these allegations could support a change in custody. We therefore reverse the superior court's order and remand for a hearing on the father's motion.

## II.    FACTS AND PROCEEDINGS

Daniel H. and Amber G. separated in 2016, after what Daniel characterized as an "on-again/off-again romantic relationship" for 16 to 17 years.[1]  They have three children from their relationship:  Brad, born in November 2011; Susan, born in March 2009; and Sharon, born in August 2006.[2]

In February 2018 Amber and Daniel reached a custody agreement. The superior court adopted the terms of the agreement in a custody decree. The decree provided that Daniel had primary physical custody and that Amber and Daniel shared legal custody.

In December 2018 Daniel filed a motion to modify Amber's visitation. The court granted Daniel a hearing to determine whether there had been a substantial change in circumstances. The hearing was also scheduled to resolve outstanding requests for domestic violence protective orders made by both parents. Following the hearing, however, the court found that neither party had established a crime of domestic violence and denied the motion to modify.

In April 2019 Amber filed a motion to enforce the custody order. She requested full legal custody of the children, alleging that Daniel was not following the custody order regarding her visitation. In response, Daniel filed a cross-motion to

---

[1]     Amber and Daniel never married.

[2]     Pseudonyms or initials have been used for all family members to protect their identities.

modify, requesting that the court award him sole legal custody and limit Amber to supervised visitation.

Daniel's motion alleged that there had been a substantial change in circumstances affecting the welfare of the children because Amber had committed at least three intervening acts of domestic violence. Daniel asserted that Amber committed custodial interference in the second degree when she kept Brad for three weeks from mid-December 2018 to early January 2019. Daniel alleged there was a second and third act of custodial interference when Amber kept Sharon from Daniel on two separate occasions in April and May.

Daniel's attorney requested a hearing on the cross-motion to modify custody, but the superior court denied the motion without a hearing, finding "that a substantial change in circumstances has not occurred as a matter of law." Daniel appeals, arguing that the superior court erred in denying his cross-motion without an evidentiary hearing. Amber has not responded to Daniel's appeal.

## III. DISCUSSION

"A parent seeking a modification of legal custody must make a prima facie showing of substantially changed circumstances sufficient to justify a modification hearing."[3] The superior court may deny a hearing on a motion to modify custody "if it considers [the] motion and finds it plain that the facts alleged in the moving papers, even if established, would not warrant a change in custody."[4] "[W]e review the [superior

---

[3]     *Collier v. Harris*, 261 P.3d 397, 403 (Alaska 2011) (citing *Hunter v. Conwell*, 219 P.3d 191, 195-97 (Alaska 2009)).

[4]     *Maxwell v. Maxwell*, 37 P.3d 424, 425 (Alaska 2001) (alteration in original) (quoting *C.R.B. v. C.C.*, 959 P.2d 375, 378 (Alaska 1998)).

court] record and arguments de novo to determine whether the [parent] alleged facts which, if true, demonstrate a substantial change in circumstances."[5]

A parent may establish a change in circumstances supporting a motion to modify by showing "that a crime involving domestic violence has occurred since the last custody . . . determination."[6] The crime of custodial interference in the second degree is a crime of domestic violence.[7] A relative of a child commits this crime if, "knowing that [she] has no legal right to do so," she "keeps" the child "from a lawful custodian for a protracted period."[8]

In his cross-motion to modify legal custody and visitation, Daniel alleged that Amber committed the crime of custodial interference on three occasions since the entry of the custody decree. Because the superior court denied Daniel's cross-motion without a hearing, the issue is whether Daniel alleged facts could warrant a modification of custody.[9]

We acknowledge that the superior court had previously found no domestic violence after hearing testimony that Amber had kept Brad away from Daniel's custody beginning in December 2018. Daniel, however, raised two new allegations of custodial interference in his cross-motion: that Amber "kept [Sharon] from Daniel, her lawful custodian and primary parent, with the intent of keeping [Sharon] from Daniel for a protracted period of time" on two separate occasions. The first took place over ten days

---

[5]     *Collier*, 261 P.3d at 405 (citing *Maxwell*, 37 P.3d at 425).

[6]     AS 25.20.110(c).

[7]     AS 11.41.330(a); AS 18.66.990(3)(A).

[8]     AS 11.41.330(a)(1).

[9]     *Morino v. Swayman*, 970 P.2d 426, 428 (Alaska 1999).

between April 12th and April 22, 2019, and the second occurred from April 23rd through May 4th. If Amber had the requisite intent,[10] under the circumstances as alleged by Daniel, her custodial interference could have warranted a custody modification.

In *Barile v. Barile* we concluded that the superior court erred in denying the mother a hearing in this context: "Because a finding of domestic violence would establish changed circumstances, . . . an evidentiary hearing [was] required to provide [the mother] an opportunity to prove her allegations."[11] Because Daniel alleged that Amber committed multiple acts of custodial interference, he should have been allowed the opportunity to prove his allegations of domestic violence at a hearing.

Daniel also alleged that Amber prevented the children from attending school, that Amber was having serious problems with substance abuse, and that Amber was inconsistent and uncooperative with visitation. We do not need to address whether these allegations constituted a change in circumstances because we conclude that Daniel's new allegations of custodial interference were sufficient to require a hearing.

## IV. CONCLUSION

We therefore REVERSE the superior court's order denying the cross-motion for modification of custody and visitation and REMAND for a hearing.

---

[10] *See Regina C. v. Michael C.*, 440 P.3d 199, 207 (Alaska 2019) ("[T]o commit custodial interference a person must take, keep, or entice the child from a lawful custodian *with the intent to hold the child for a protracted period with no legal right to do so*." (emphasis in original)).

[11] 179 P.3d 944, 947 (Alaska 2008) (footnote omitted).