**Mary M. KING, Appellant,**

v.

**Michael L. CAREY, Appellee.**

No. S–12124.

Supreme Court of Alaska.

Sept. 22, 2006.

Phyllis A. Shepherd, Law Office of Dan Allan and Associates, Anchorage, for Appellant.

William T. Ford, Anchorage, for Appellee.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

## OPINION

MATTHEWS, Justice.

On September 6, 2005, Mary King moved for modification of custody of her son Sean, requesting shared legal and physical custody. Sean's custody had been most recently modified fourteen months prior, on July 14, 2004, when the superior court awarded Sean's father Michael full legal and physical custody. Mary's 2005 motion alleged that Sean would prefer to live with both parents. As her sole evidentiary support for the existence of changed circumstances, Mary submitted an affidavit signed by Sean stating that it was now his preference to live with both parents. Mary did not initially request a hearing on the motion.

On September 20 Michael filed an opposition to Mary's motion, arguing that the motion was an attempt to avoid child support obligations, alleging that Mary manipulated Sean into signing the affidavit, and requesting a hearing should the court determine Mary made a prima facie case for modification. At the end of September, Sean was enrolled as a resident student in the Alaska Military Youth Academy. At that time both parents signed a power of attorney delegating custody of Sean to the Academy pursuant to AS 13.26.020. On October 4 Mary filed a reply to Michael's opposition, alleging for the first time that in his father's custody Sean was using alcohol and drugs, was living unsupervised on the first floor of his father's duplex with his step-brother, his step-brother was threatening him, and Sean's schoolwork was in rapid decline. Mary requested a hearing on her motion when she filed her reply memorandum. On October 13 the superior court denied Mary's motion for modification without hearing or comment.

On October 23 Mary filed a motion for reconsideration, arguing that the multitude of disputed facts as to whether there was a change in circumstances justifying modification entitled her to an evidentiary hearing. On October 27 the superior court denied Mary's motion for reconsideration, finding (1) that the sole basis for Mary's original motion, Sean's affidavit, did not establish a change in circumstances; (2) that even assuming, arguendo, that the court would consider the allegations raised in Mary's reply, those allegations, taken as true, would not establish a change in circumstances; and (3) that with Sean in the Alaska Military Youth Academy there was no point in modifying custody. Mary appeals the denial without a hearing of her motion for modification of custody and the denial of her motion for reconsideration.

Because Mary failed to demonstrate a substantial change in circumstances, we conclude that she was not entitled to an evidentiary hearing, and the motion for modification of custody was properly denied. Because grounds for granting a motion for reconsideration were not established, we conclude that the motion for reconsideration was also properly denied.

 The question of whether Mary has met her burden of demonstrating a change in circumstances so as to be entitled to an evidentiary hearing is a matter of law which this court reviews de novo.[1] Under AS 25.20.110(a) "[a]n award of custody ... may be modified if the court determines that a change in circumstances requires the modification ... and the modification is in the best interests of the child." A preliminary showing of changed circumstances "entitles the non-custodial parent to a hearing to consider whether, in light of such changed circumstances, it is in the child's best interest to alter the existing custodial arrangement."[2] The change in circumstances "must be signif-

---

1. See C.R.B. v. C.C., 959 P.2d 375, 378 (Alaska 1998), overruled on other grounds by Evans v. McTaggart, 88 P.3d 1078, 1085 (Alaska 2004).

2. Lee v. Cox, 790 P.2d 1359, 1361 (Alaska 1990).

icant or substantial." [3]

■ The superior court accurately summarized the evidence Mary presented in her motion for modification:

1. [Sean's] opinion of best interest,
2. [Sean's] view the parents should have shared custody,
3. [Sean's] belief shared custody would share parenting burdens, and
4. [Sean's] preference to live with both parents.

We agree with the court that "[t]hose opinions accepted as true do not constitute a change in circumstances." Mary contends that Sean's preference was deemed a sufficient change in circumstances to warrant modification in 2004. Prior to Michael's motion for modification, Sean's wishes had not been considered by the court because he was too young. In the course of considering Michael's 2004 motion, the court found that Sean "ha[d] reached an age where his preferences should be accorded substantial weight and his expression of desire to reside with his father represent[ed] a change of circumstances justifying a modification of custody." The changed circumstance at the time of Michael's motion was that Sean had reached an age where his preferences could be considered by the court, not that he had changed his mind about where he wanted to live. In our view the superior court did not err in concluding that Sean's affidavit was not a sufficient preliminary showing to warrant a hearing in view of its conclusory nature, its failure to offer any persuasive reason for wanting to change the custodial arrangement so that Sean could split his time fifty/fifty between his parents, and the fact that little more than a year before, custody had been changed to Michael based in part on Sean's wishes.

■ Mary argues that her allegations of decline in Sean's academic performance, substance abuse issues, inadequate supervision, and domestic violence entitled her to an evidentiary hearing. These allegations were raised for the first time in Mary's reply to Michael's opposition to her motion to modify custody. They were therefore properly disregarded.[4]

■ On the motion for reconsideration Mary argued that an evidentiary hearing was required because there were disputed issues of fact as to whether there was a substantial change in circumstances. One ground for granting a motion for reconsideration is if the court, in reaching its decision, has "overlooked or misconceived some material fact." [5] In this case, since the disputed facts were raised only in reply, and thus were properly disregarded by the court in deciding the motion to modify, they were not "overlooked or misconceived" by the court in reaching its decision. The court therefore did not err or abuse its discretion in denying the motion.[6] Our conclusion in this respect is also supported by the superior court's sensible conclusion that there was "no real point to modifying the custody" in light of Sean's attendance at the Alaska Military Youth Academy.

We therefore AFFIRM the superior court's denial without a hearing of the motion for modification of custody and its denial of the motion to reconsider.

3. *Jenkins v. Handel*, 10 P.3d 586, 589 (Alaska 2000).

4. *Demmert v. Kootznoowoo, Inc.*, 960 P.2d 606, 611 (Alaska 1998) ("The function of a reply memorandum is to respond to the opposition to the primary motion, not to raise new issues or arguments ...."); *Alaska State Employees Ass'n v. Alaska Pub. Employees Ass'n*, 813 P.2d 669, 671 n. 6 (Alaska 1991) ("As a matter of fairness, the trial court could not consider an argument raised for the first time in a reply brief.").

5. Alaska R. Civ. P. 77(k)(1)(ii).

6. Absent an abuse of discretion a trial court's decision on a motion for reconsideration will not be reversed on appeal. *Cline v. Cline*, 90 P.3d 147, 150 (Alaska 2004).