*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| JACK W. FREDRICKSON, | ) | |
| | ) | Supreme Court No. S-16298 |
| Appellant, | ) | |
| | ) | Superior Court No. 1SI-12-00009 CI |
| v. | ) | |
| | ) | O P I N I O N |
| ALLISON O. HACKETT, | ) | |
| | ) | No. 7210 – October 27, 2017 |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, First Judicial District, Sitka, David V. George, Judge.

Appearances: Jack W. Fredrickson, pro se, Sitka, Appellant. James W. McGowan, Sitka, for Appellee.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

STOWERS, Chief Justice.

## I. INTRODUCTION

A married couple with the assistance of an attorney-mediator reached a settlement agreement and filed for divorce in January 2012. Under the agreement the marital home and primary physical custody of the couple's three children were awarded to the mother.

After the divorce the father moved into a cabin and expanded it to the point that it was able to adequately house the children. The father moved to modify custody on the grounds that there had been a substantial change in circumstances since the

original custody order. The superior court denied the motion without a hearing, and the father appeals. We hold that the father presented evidence of a substantial change in circumstances and that the court should have conducted an evidentiary hearing. We therefore reverse and remand for further proceedings.

## II.     FACTS AND PROCEEDINGS

Jack W. Fredrickson and Allison O. Hackett married in February 1996. Three children were born during the marriage, all of whom are still minors. An attorney-mediator assisted Fredrickson and Hackett in settling property and custody issues and in jointly filing their divorce petition in January 2012. The superior court issued a divorce decree in March 2012 adopting the parties' "Child Custody, Child Support, and Property Settlement Agreement."

Under their property agreement, Fredrickson received a cabin that was rented to a tenant at the time, and Hackett received the family home. Their child custody agreement provided that Fredrickson and Hackett would have shared legal custody and that Hackett would have primary physical custody. It set forth a detailed schedule of when the children would be with Fredrickson. Under this schedule Hackett would have physical custody of the children approximately 75% of the time and Fredrickson would have physical custody of the children approximately 25% of the time.

In August 2015 Fredrickson, representing himself, filed a motion and affidavit to modify custody, visitation, and child support. Fredrickson requested shared physical custody, seeking approximately 40% custody of the children instead of 25%. Hackett, represented by counsel, partially opposed the motion to modify, opposing modification of custody and visitation but agreeing that modification of child support was needed.

In his motion and affidavit Fredrickson stated that the agreement to give Hackett the family home left him without suitable housing for the children. While

Hackett and the children lived in the family home, Fredrickson initially lived with family and friends and, briefly, at his church. Later, the tenant of the cabin that Fredrickson received in the divorce moved out, and Fredrickson moved into the cabin. He then built an approximately 1,300-square-foot addition, so the cabin had "a large kitchen/living area with two and a half bathrooms" and separate bedrooms for each child.

The superior court denied Fredrickson's motion to modify custody and visitation without a hearing and requested more information with respect to the motion to modify child support. The court's order explained that Fredrickson's remodeling of the cabin constituted "merely an improvement insufficient to establish a significant change in circumstances."

Fredrickson appeals the denial of his motion to modify custody and visitation without a hearing. The child support modification is not at issue on appeal.

## III. STANDARD OF REVIEW

We review de novo the denial of a motion to modify custody or visitation without a hearing.[1] "[W]e take the moving party's allegations as true" to determine whether the moving party has demonstrated a sufficient change in circumstances to warrant a hearing.[2] "[W]e will affirm the denial if 'the facts alleged, even if proved, cannot warrant modification, or if the allegations are so general or conclusory, and so convincingly refuted by competent evidence, as to create no genuine issue of material fact requiring a hearing.' "[3]

---

[1]   *Abby D. v. Sue Y.*, 378 P.3d 388, 391 (Alaska 2016).

[2]   *Id.* (quoting *Collier v. Harris*, 261 P.3d 397, 405 (Alaska 2011)).

[3]   *Id.* (quoting *Bagby v. Bagby*, 250 P.3d 1127, 1128 (Alaska 2011)).

## IV. DISCUSSION

### A. The Superior Court Did Not Err In Interpreting The Custody Agreement.

As an initial matter, Fredrickson argues that in their settlement agreement the parties intended to provide for shared physical custody with a 60/40 custody split. He notes that some of the child support materials, including the child support order, stated that the parties would have shared 60/40 custody. Child support was calculated based on this custody division, and this shared-custody child support calculation was incorporated into the child support section of the settlement agreement. The superior court concluded that "[t]here was no ambiguity about the custody and visitation," that "[t]he terms of the parties' agreement . . . were specific and detailed," and that use of a 60/40 split for child support "embodie[d] a simple clerical error."

We review de novo the superior court's interpretation of the settlement agreement[4] and agree that there was no ambiguity about the approximate amount of time each party would have custody. The custody section of the agreement stated that Hackett would have primary physical custody and provided a detailed schedule of the dates and times Fredrickson would have custody. All references to shared 60/40 custody were brief and concerned child support. "We construe settlement agreements in dissolutions using traditional contract principles."[5] "In contracts, as in statutes, 'where one section deals with a subject in general terms and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible; but if there is a conflict, the specific section will control over the general.' "[6] We affirm the superior court's

---

[4] *See Martin v. Martin*, 303 P.3d 421, 429 (Alaska 2013).

[5] *Id.* (citing *Villars v. Villars*, 277 P.3d 763, 768 (Alaska 2012)).

[6] *Norville v. Carr-Gottstein Foods Co.*, 84 P.3d 996, 1004 (Alaska 2004)
(continued...)

interpretation of the custody agreement.[7] We next consider Fredrickson's argument that there was a change in circumstances sufficient to warrant a hearing.

B.     **Fredrickson's Allegations About Changes In Living Conditions Warrant A Hearing.**

Alaska Statute 25.20.110(a) provides, "An award of custody of a child or visitation with the child may be modified if the court determines that a change in circumstances requires the modification of the award and the modification is in the best interests of the child." We have held that "[a] parent seeking to modify physical custody must . . . demonstrate that a substantial change in circumstances has taken place since the last custody order was entered."[8] "The 'change in circumstances' requirement is 'intended to discourage continual relitigation of custody decisions, a policy motivated by the judicial assumption that finality and certainty in custody matters are critical to the child's emotional welfare.' "[9]

---

[6](...continued)
(quoting *In re Estate of Hutchinson*, 577 P.2d 1074, 1075 (Alaska 1978)).

[7]     Fredrickson argues that the settlement agreement was rushed and that neither he nor the attorney-mediator understood the agreement. He did not argue this in superior court, and even if true, the settlement agreement is unambiguous. Fredrickson also argues that he should be able to modify the custody agreement under the provision for modification in the agreement. But that provision states simply that either party may file a motion to modify custody if the party believes there has been a substantial change in circumstances, the standard for motions to modify under AS 25.20.110. These arguments similarly fail.

[8]     *Collier v. Harris*, 261 P.3d 397, 403 (Alaska 2011) (citing *Hunter v. Conwell*, 219 P.3d 191, 195-97 (Alaska 2009)).

[9]     *Id.* (quoting *Peterson v. Swarthout*, 214 P.3d 332, 340-41 (Alaska 2009)).

We have explained that the denial of a motion to modify custody or visitation without a hearing is analogous to a decision on summary judgment.[10] The trial court must take the allegations of the moving party as true and may deny a hearing only when "the facts alleged, even if proved, cannot warrant modification, or if the allegations are so general or conclusory, and so convincingly refuted by competent evidence, as to create no genuine issue of material fact requiring a hearing."[11]

For determining whether there has been a substantial change in circumstances in this case, the relevant date of comparison is March 9, 2012, when Fredrickson and Hackett obtained a divorce decree incorporating their settlement agreement. In his motion to modify custody Fredrickson alleged that by giving Hackett the marital home, the settlement agreement left him without a permanent home and his lack of a permanent home left him without living conditions suitable for the children. At the same time the agreement also provided that Hackett would receive primary physical custody of the children. Fredrickson's circumstance — his ability to provide living conditions suitable for children — substantially changed when Fredrickson's previous tenant left and Fredrickson moved into his cabin and enlarged it to provide suitable housing for the children.

We have suggested that changes of this nature could require a hearing. In the unpublished case *Ware v. Farquhar* we affirmed a superior court decision that modified visitation based on the father obtaining "proper accommodations for longer visits."[12] The prior custody order in *Ware* "explicitly envisioned modification" by

---

[10]     *Id.* at 404 (citing *C.R.B. v. C.C.*, 959 P.2d 375, 378 (Alaska 1998)).

[11]     *Abby D. v. Sue Y.*, 378 P.3d 388, 391 (Alaska 2016) (quoting *Bagby v. Bagby*, 250 P.3d 1127, 1128 (Alaska 2011)) (citing *Collier*, 261 P.3d at 405).

[12]     No. S-6838, 1996 WL 34396516, at *3 (Alaska Nov. 20, 1996).

providing that the visitation schedule it set out would govern until the father "[could] provide proof of proper accommodations for longer visits."[13] We concluded that the father "obtain[ing] a larger apartment . . . constituted a change in circumstances adequate to modify the visitation agreement."[14] Although the parties' settlement agreement in this case contained no such provision, the custody section of the agreement provided that Hackett would have primary custody at the same time the property division section left Fredrickson without suitable accommodations for the children. This alleged change in Fredrickson's living situation is therefore substantial.[15]

Hackett argues that Fredrickson's expansion of his cabin was a "mere improvement" and that our cases concerning "mere improvements" by one party control this case.[16] It is true that we have said "mere improvements" in the position of one party

---

[13]    *Id.* at *1, *3.

[14]    *Id.* at *3 (citing *Kramer v. Kramer*, 738 P.2d 624, 626 (Utah 1987)).

[15]    In *Yvonne S. v. Wesley H.* we explained that an alleged change in living conditions might have warranted a hearing except the superior court had previously identified the mature child's strong preference as the "most significant factor" in its custody decision and neither party alleged that this preference had changed. 245 P.3d 430, 431, 435-36 (Alaska 2011). Neither party in this case alleged that a factor other than the parties' living conditions was the most significant factor. Of course, after a hearing the superior court may find that housing was not a significant factor to the parties when they agreed on custody or that it should not be a significant factor now. Whether a hearing on custody modification is needed presents a purely legal question, but after a hearing the superior court may make factual findings and has broad discretion in deciding whether to modify custody. *Collier v. Harris*, 377 P.3d 15, 20 & n.14 (Alaska 2016).

[16]    Hackett cites our discussion of "mere improvement[s]" in *Nichols v. Mandelin*, 790 P.2d 1367, 1372 n.15 (Alaska 1990) (first quoting *Gratrix v. Gratrix*, 652 P.2d 76, 82 (Alaska 1982); then quoting *Garding v. Garding*, 767 P.2d 183, 186 (Alaska 1989)).

do not establish a substantial change in circumstances sufficient to modify custody.[17] But these cases concern motions to modify custody because of a non-custodial parent's newfound sobriety or because of general improvements in maturity and economic situation by both parties.[18] Where a parent has developed a record of "overall maturation" and "sustained control of a former drinking problem," we have found a substantial change in circumstances.[19] In this case Fredrickson obtained a permanent residence and then substantially increased its size. This change was not temporary and was directly related to Fredrickson's ability to house the children. Fredrickson has alleged a substantial change in his living situation.

Fredrickson alleges a substantial change in his living conditions. This substantial change is a change sufficient under AS 25.20.110(a) to require a hearing.

Because we conclude that Fredrickson's allegations about his change in living situation are sufficient to require a hearing on his motion to modify custody, we need not consider whether he has alleged a change in circumstances sufficient to modify visitation, which requires "a lesser showing."[20] We also need not consider whether the other allegations in Fredrickson's motion and affidavit would warrant a hearing. On remand the superior court is free to consider all relevant evidence with respect to potential changes in custody or visitation.

---

[17]    *See Abby D. v. Sue Y.*, 378 P.3d 388, 394-97 (Alaska 2016); *Garding*, 767 P.2d at 185-86; *Gratrix*, 652 P.2d at 83-84.

[18]    *See Abby D.*, 378 P.3d at 394-97; *Garding*, 767 P.2d at 185-86; *Gratrix*, 652 P.2d at 83-84.

[19]    *Nichols*, 790 P.2d at 1372.

[20]    *Collier v. Harris*, 261 P.3d 397, 408 (Alaska 2011) (citing *Havel v. Havel*, 216 P.3d 1148, 1151 n.6 (Alaska 2009)).

## V. CONCLUSION

We AFFIRM the superior court's interpretation of the settlement agreement. But we REVERSE the court's order denying Fredrickson's motion to modify custody and visitation without a hearing and REMAND for further proceedings consistent with this opinion.