NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| DAVID JOSEPH GRAY, | ) | |
| | ) | Supreme Court No. S-17260 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-12-08262 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| LYDIA RAE GRAY, | ) | AND JUDGMENT[*] |
| (n/k/a LYDIA RAE GRIFFEY), | ) | |
| | ) | |
| Appellee. | ) | No. 1751 – December 11, 2019 |
| _____ | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Dani Crosby, Judge.

Appearances: Whitney-Marie K. Bostick, Law Office of Carl D. Cook, P.C., Anchorage, for Appellant. Maurice N. Ellis, Law Office of Maurice N. Ellis, Anchorage, for Appellee.

Before: Bolger, Chief Justice, Winfree, Stowers, Maassen, and Carney, Justices.

## I. INTRODUCTION

This case involves ongoing custody litigation between the divorced parents of two minor children. The parents entered into a parenting agreement, which the mother subsequently moved to modify over concerns that, among other things, the father was acting inappropriately toward their young daughter. Following the appointment of a custody investigator and psychological evaluations of both parents, the parents stipulated

---

[*]     Entered under Alaska Appellate Rule 214.

to a custody modification order granting the mother sole custody of the children and allowing the father only supervised visitation. The custody stipulation included the parties' understanding that once the father completed therapy, he could seek additional visitation with the children.

After nearly two years the father completed therapy, and the superior court issued an order allowing him increased visitation. Thereafter, the father moved to modify custody back to shared physical custody. The mother opposed his motion and filed a cross-motion asking the court to order the father to pay unpaid childcare, tutoring, and healthcare expenses. Without holding an evidentiary hearing, the superior court issued an order denying the father's motion to modify, an order and judgment directing the father to pay the expenses, a judgment in the amount of the unpaid expenses, and an award of 75 percent of the mother's reasonable attorney's fees. The father appeals the denial of his motion, the judgment against him, and the superior court's award of attorney's fees. Because the superior court did not err in denying the motion to modify, we affirm its order denying that motion. We reverse the judgment for childcare expenses against the father and remand for the court to interpret the parenting agreement in deciding the childcare expenses cross-motion. We vacate and remand the award of attorney's fees for the superior court to reassess after it decides the childcare expenses issue.

## II.    FACTS AND PROCEEDINGS

### A.    Facts Related To Custody And Visitation

David Gray and Lydia Griffey were married and are the parents of two children — a 12-year-old daughter and a 10-year-old son.[1] The superior court entered a divorce decree in April 2014. At the time the daughter was seven and the son was five.

---

[1]    The children's names are omitted to protect their privacy.

David and Lydia entered into a parenting and custody agreement regarding their children, agreeing to joint legal and shared physical custody on a week-on, week-off schedule. The agreement specified, among other provisions, that the parents would not "use physical discipline" on the children and would split the costs of childcare expenses and all uncovered health expenses.

In March 2015 Lydia moved to modify custody and for emergency interim custody due to concerns about the children's safety and welfare while living with their father. Lydia alleged that David was using physical discipline, letting the daughter shower with him,[2] allowing the children to sleep in his bed, engaging in sexual grooming behavior with the daughter, and taking the daughter to the doctor without notifying Lydia. Lydia asked the court to appoint a custody investigator and to limit David to supervised visitation with the children until a custody investigation was completed. Lydia also filed a report of harm against David with the Office of Children's Services (OCS) in late February and explained in her motion that "OCS is now investigating the matter."

The superior court issued an interim custody order granting custody of the children to Lydia until a hearing could be held, allowing David unsupervised, daytime-only visitation with the children, and appointing a custody investigator. David opposed custody modification; he denied showering with the daughter or engaging in any type of sexual grooming behavior. The parties each underwent psychological evaluations related to the ongoing custody investigation. The psychologist's conclusions corroborated many of Lydia's concerns regarding the children's safety and welfare while living with David. Based on the results of the evaluations, the custody investigator's

---

[2] In her motion Lydia stated that the daughter "admitted to her mother that she showers alone with her dad all the time."

recommendation, and an agreement by the parties, the court modified its previous order in February 2016 and awarded sole legal and physical custody to Lydia. The court limited David's contact with the children to one supervised visit per week and prohibited him from visiting the children at school or contacting them. The court directed David to participate in therapy and to abstain from using alcohol. The custody investigator remained involved in the case, and Lydia and the children were also directed to begin therapy. Finally, the court's order left in effect all parts of the original parenting and custody agreement not otherwise modified.

In June 2017 David transitioned to unsupervised visits with the children, and in August David requested a hearing regarding visitation, attaching a letter from his therapist stating that he "met the requirements of the . . . referral." The custody investigator recommended that the visitation schedule gradually increase to three consecutive weekends with David, with one weekend off, given that "[t]he transition to unsupervised visits seem[ed] to have gone well." Lydia did not agree with this proposed schedule and instead advocated for David having only every other weekend with the children.

The superior court held an evidentiary hearing and in December 2017 issued an order regarding visitation. The court concluded that David's visitation should gradually expand to three weekends on and one weekend off. In its order the court explained that at the evidentiary hearing David had acknowledged some but not all of Lydia's original allegations and had stated that he only agreed to the February 2016 stipulated order because "he could not afford to continue to fight the allegations."[3] The

---

[3] In an affidavit to the court David also explained that "[the custody investigator] and my previous attorney advised agreeing to the settlement to keep all of this out of the public record."

court encouraged David to continue therapy and to engage in family therapy with the children.

**B.     Motion To Modify Custody And Payment Of Expenses**

In July 2018, less than four months after the new visitation schedule had been implemented, David moved to modify custody back to a week-on, week-off schedule. He alleged that there had been two substantial changes of circumstances. First, he alleged he had learned that the daughter had never reported to OCS that she had showered with David and had actually denied it ever happened in several interviews. He argued Lydia had used this "false" claim to limit his contact with his daughter. Second, he alleged his relationship with the children had "progressed" to the point where there was no need for limited contact. David also requested a modification to the allocation of uncovered childcare expenses due to the parties' disparate incomes and his lack of physical custody.

Lydia opposed David's motion, arguing that he had not met his burden of demonstrating a substantial change in circumstances to warrant custody modification. She also filed a cross-motion requesting a judgment for David's share of past unpaid childcare, tutoring, and healthcare expenses and arguing that the court should deny his request to reduce his share of the expenses, order him to pay $9,186.44 in outstanding expenses, and award her full attorney's fees and costs because this was the third time she had petitioned the court to force David to pay his share of the expenses. After briefing was completed, and without holding a hearing, the court issued an order denying David's motion to modify custody. In its order the court adopted the arguments in Lydia's opposition to David's motion and stated that it

> encourages the parties to explore/consider easing the restriction on [David]'s attendance at school/other events. It could be beneficial to the children to have him participate. If

the restriction is lifted/modified, the parties should file a stipulation documenting the agreement.

The court also issued an order granting Lydia's cross-motion reducing David's unpaid childcare, healthcare, and tutoring expenses to judgment. The court awarded Lydia 75 percent of her attorney's fees, explaining that this was the third time she was forced to petition the court to direct David to pay his share of the expenses. This appeal followed.

## III. STANDARDS OF REVIEW

"We review de novo the denial of a motion to modify custody or visitation without a hearing."[4] " '[W]e take the moving party's allegations as true' to determine whether the moving party has demonstrated a sufficient change in circumstances to warrant a hearing."[5] "[W]e will affirm the denial if 'the facts alleged, even if proved, cannot warrant modification, or if the allegations are so general or conclusory, and so convincingly refuted by competent evidence, as to create no genuine issue of material fact requiring a hearing.' "[6]

"We exercise our independent judgment when reviewing the legal interpretation of . . . child custody agreements that are incorporated into divorce decrees."[7]

---

[4]     *Fredrickson v. Hackett*, 407 P.3d 480, 482 (Alaska 2017).

[5]     *Id.* (alteration in original) (quoting *Abby D. v. Sue Y.*, 378 P.3d 388, 391 (Alaska 2016)).

[6]     *Id.* (alteration in original) (quoting *Abby D.*, 378 P.3d at 391).

[7]     *Brown v. Brown*, 983 P.2d 1264, 1267 (Alaska 1999).

"We review awards of costs and attorney's fees for abuse of discretion, 'which exists if an award is arbitrary, capricious, manifestly unreasonable, or improperly motivated.' "[8]

## IV. DISCUSSION

### A. The Superior Court Did Not Err By Denying David's Motion To Modify Custody Without An Evidentiary Hearing.

Modification of a child custody order is a "two-step process."[9] First, "the parent seeking modification must establish a significant change in circumstances affecting the child's best interests"; then, "only if the parent makes this showing does the court proceed to determine whether modification is in the best interests of the child."[10] "The moving parent bears the burden of making a prima facie showing of a substantial change of circumstance[s] as a threshold matter."[11] "A preliminary showing of changed circumstances 'entitles the non-custodial parent to a hearing to consider whether, in light of such changed circumstances, it is in the child's best interest to alter the existing custodial arrangement.' The change in circumstances 'must be significant or substantial.' "[12]

---

[8]     *Cook Schuhmann & Groseclose, Inc. v. Brown & Root, Inc.*, 116 P.3d 592, 597 (Alaska 2005) (quoting *Kellis v. Crites*, 20 P.3d 1112, 1113 (Alaska 2001)).

[9]     *Collier v. Harris*, 377 P.3d 15, 20 (Alaska 2016) (quoting *Hunter v. Conwell*, 219 P.3d 191, 196 (Alaska 2009)).

[10]     *Id.* (quoting *Hunter*, 219 P.3d at 196).

[11]     *Barrett v. Alguire*, 35 P.3d 1, 6 (Alaska 2001).

[12]     *King v. Carey*, 143 P.3d 972, 973-74 (Alaska 2006) (first quoting *Lee v. Cox*, 790 P.2d 1359, 1361 (Alaska 1990); then quoting *Jenkins v. Handel*, 10 P.3d 586, 589 (Alaska 2000)).

David argues that the superior court erred by concluding that he had not alleged a substantial change of circumstances sufficient to warrant an evidentiary hearing. He argues that the superior court did "not engage[] in an in-depth review of [his] progress, or [of] the minor children's best interests" because he "met all the requirements set forth in the February 16, 2016 Stipulated Modification of Custody Order." David argues two factors in his modification motion demonstrate a substantial change of circumstances: "[Lydia] used a false allegation to modify custody, and [David's] relationship with the minor children had progressed to a point where limited contact was no longer necessary."

As the party seeking to modify custody, David had the burden of showing a "substantial change of circumstance."[13] In his motion David did not explain how his relationship with the children had progressed or allege facts demonstrating such progression. It was not until his trial reply brief that David included facts supporting his assertion that his relationship with his children had progressed. Allegations raised for the first time in a reply brief can be properly disregarded.[14] With regard to his allegation about his relationship with the children having "progressed," the superior court had the opportunity to consider the progress David made in its December 2017 evidentiary hearing, which led to David's visitation expanding. Consequently, David's assertion that the court had not engaged in an in-depth review of his progress since February 2016 is directly contradicted by the record. Moreover, less than four months had passed between David's full transition to his new visitation schedule and his filing a motion to modify custody. We disfavor frequent changes of custody as they are typically not in the

---

[13]     *See Barrett*, 35 P.3d at 5-6.

[14]     *See King*, 143 P.3d at 974 ("These allegations were raised for the first time in [mother's] reply to [father's] opposition to her motion to modify custody. They were therefore properly disregarded.").

children's best interests.[15]  On de novo review we conclude David did not allege facts establishing a prima facie substantial change in circumstances.

David's other argument why there had been a substantial change of circumstances is also unpersuasive.  David claimed that "[i]t has recently come to light that the parties' daughter never reported to OCS that [David] showered with her.  In fact, [the daughter] has denied the event ever occurred several times during different interviews."  David argues on appeal that the superior court erred by failing to consider whether the February 2016 custody order was based on fraud.

David alleges fraud, but he ignores that he stipulated to the February 2016 order modifying custody and that the order was based on the recommendations of the custody investigator and the evaluating psychologist, not just Lydia's allegation that she (not the daughter) reported the showering incidents to OCS.  In her March 2015 motion to modify custody and motion for emergency interim custody, Lydia alleged multiple reasons why she was concerned about David retaining custody of the children, one of which was her concern about David showering with the daughter.  The evaluating psychologist's assessment report supported Lydia's concerns.  Further, David explained that he stipulated to the custody modification order because "[the custody investigator] and my previous attorney advised agreeing to the settlement to keep all of this out of the public record."  If he disagreed with the allegations concerning his behavior with the daughter, he had an opportunity to contest them, including deposing OCS on what statements, if any, were made by the daughter.  Instead, David conceded he had tactical reasons not to contest the allegations when he stipulated to the court's order; regardless, his stipulation was binding and his bare allegations of newly discovered evidence of

---

[15]    *See Vachon v. Pugliese*, 931 P.2d 371, 378 (Alaska 1996) ("A custody change necessarily conflicts with stability and continuity.").

fraud do not constitute a prima facie showing of a substantial change of circumstances. Because David did not allege facts demonstrating that a substantial change of circumstances had occurred, we affirm the superior court's denial of his motion to modify custody without conducting an evidentiary hearing.

**B.** **The Superior Court Erred In Failing to Interpret And Apply The Parenting Agreement In Determining Whether To Grant The Cross-Motion For Childcare Expenses.**

David argues that he should not be required to pay before- and after- school childcare expenses because he does not have shared physical custody. He points to the parties' 2014 parenting agreement, which states:

> Before and After School Care: Currently before[-] and after-school child care is provided by Camp[ F]ire Alaska which also provides childcare during full school closures and partial school days. This arrangement will continue unless otherwise agreed to under the terms of this parenting plan. Costs for before[-] and after-school care will be arranged and split equally for by [sic] both parents for their respective weeks. Both parties will make arrangements and establish separate accounts with Camp Fire Alaska or any other agreed providers.

He argues that because the parties no longer have a shared custody arrangement and he no longer has "respective weeks," he should not be responsible for half of the expenses. He claims that it is "unjust to require [him] to be equally responsible for . . . childcare" and to "pay child support under a primary custody calculation."

David raised this argument in both his motion to modify custody, visitation, and support and his opposition to Lydia's cross-motion. Lydia did not address this argument in her opposition to David's motion at the superior court, but she did address this argument in her reply to David's opposition to her cross-motion and on appeal. On appeal, Lydia argues that David has acknowledged that the children's childcare expenses

are governed by the parties' 2014 parenting agreement and that the terms addressing allocation of expenses have not been modified.

The superior court denied David's motion for support modification "[f]or all the reasons stated in [Lydia's] opposition." It granted Lydia's cross-motion based on "the pleadings and affidavits presented in the matter," requiring David to pay full childcare, healthcare, and tutoring costs. David appeals the judgment for full childcare expenses on the grounds that it conflicts with the parenting agreement. The superior court did not provide an explanation of its reasoning in granting Lydia's cross-motion or denying David's motion to modify. It thus never addressed David's argument regarding childcare expenses and never interpreted the parenting agreement. We therefore reverse the superior court's ruling granting Lydia's cross-motion for past unpaid childcare expenses and remand for the court to interpret the above portion of the 2014 parenting agreement to determine whether a change to the custody arrangement mandates a change in the allocation of childcare expenses.[16]

### C.  We Vacate and Remand The Fee Award.

Lydia sought full attorney's fees in connection with her cross-motion to reduce David's unpaid healthcare, childcare, and tutoring expenses to judgment because this was the third time she was forced to move for an order requiring him to pay his share of the children's expenses. The superior court granted her cross-motion, awarding her 75 percent of her reasonable attorney's fees incurred with respect to that motion.

Given our reversal of the childcare expenses order and remand, we vacate and remand the fee award. If the superior court alters its ruling on the childcare expenses

---

[16]  David did not appeal the judgment for tutoring expenses so we do not address it.

on remand, it must then determine whether Lydia is still the prevailing party and entitled to attorney's fees.[17]

## V.   CONCLUSION

We AFFIRM the superior court's order denying David's motion to modify. We REVERSE and REMAND the court's order and judgment for childcare expenses against David.  We VACATE and REMAND the award of attorney's fees.

---

[17]     *See Alaska Constr. & Eng'g, Inc. v. Balzer Pac. Equip. Co.*, 130 P.3d 932 (Alaska 2006) ("Determination of who the prevailing party is does not automatically follow if the party receives an affirmative recovery, but rather is grounded on which party prevails on the main issues." (quoting *Cont'l Ins. Co. v. U.S. Fid. & Guar. Co.*, 552 P.2d 1122, 1125 (Alaska 1976))).